# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

EDDIE MURPHY,

    Plaintiff,

v.

COLIN OTTEY, M.D.
JENNIFER GILES, R.N.

    Defendants.[1]

Case No.: GJH-16-246

## MEMORANDUM OPINION

Plaintiff Eddie Murphy brings suit against Defendants Colin Ottey and Jennifer Giles, medical staff at the North Branch Correctional Institution ("NBCI"), for violations of his rights under the Eighth Amendment, alleging that Defendants failed to provide adequate medical treatment on February 26, 2013 after Plaintiff was pepper-sprayed by correctional officers while Plaintiff attempted to hang himself. ECF No. 1. Presently pending before the Court are Defendants' Motion to Stay and Motion for Costs, ECF No. 27, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, ECF No. 34, and Plaintiff's Motion to Appoint Counsel. ECF No. 30. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion for Stay is granted, and Plaintiff's Motion is denied.

---

[1] The Court previously entered judgment in favor of the North Branch Correctional Institution Correctional Officer defendants on March 30, 2017. ECF No. 30. Because the action remained pending as to the two named Defendants herein, the Fourth Circuit dismissed Plaintiff's appeal for lack of jurisdiction on June 23, 2017. *See* ECF No. 40.

1

I. **DISCUSSION**

**A. Motion to Stay and Motion for Costs**

On August 22, 2013, Plaintiff filed suit against Defendants, as well as other NBCI correctional officers, alleging violations of his civil rights stemming from the February 26, 2013 incident. *See Murphy v. Rounds, et al.*, Civil Action No. WDQ-13-2480 (D. Md. 2013). On December 17, 2013, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment in that matter. WDQ-13-2480, ECF No. 20. Subsequent to the filing of Defendants' dispositive motion, Plaintiff moved to withdraw his Complaint without prejudice, explaining that he wanted to pursue the case after he retained counsel or was released from incarceration. WDQ-13-2480, ECF No. 30.[2] The Court granted the motion but cautioned Plaintiff that pursuant to Fed. R. Civ. P. 41 (d), if Plaintiff later commenced "an action based upon or including the same claim against Defendants, the Court may make such order for the payment of the costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until he has complied with the order." WDQ-13-2480, ECF No. 31.

Plaintiff has refiled here virtually the identical Complaint he filed against Defendants in his prior case; thus, consistent with the Court's Order, Defendants now seek their costs and a stay of this matter. In their Motion for Costs and Motion to Stay, ECF No. 27, Defendants assert that they incurred costs of $3,783.35 in the 2013 action. ECF No. 27 at 2 ¶5. Defendants contend that this matter should be stayed until they are reimbursed for their costs related to the previous matter. Defendants Motion to Stay is granted. Additionally, Plaintiff has 28 days from the date of this Memorandum Opinion to show cause why Plaintiff should not be required to pay $3,783.35 for the costs Defendants previously incurred in Civil Action No. WDQ-13-2480. In the event

---

[2] Plaintiff's current address suggests he has been released from prison, and he is no longer listed as an inmate on the Maryland Department of Public Safety and Correctional Services' website. *See* http://www.dpscs.state.md.us/inmate/search.do?searchType=name&firstnm=&lastnm=murphy (last viewed March 6, 2018).

2

Plaintiff does not timely respond to this Order, this case may be dismissed with prejudice without further notice from the Court.

### B. Motion for Appointment of Counsel

"A pro se prisoner does not have a general right to counsel in a § 1983 action." *Evans v. Kuplinski*, ___ F. App'x. ___, 2017 WL 5513206, at *2 (4th Cir. Nov. 17, 2017). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and an indigent claimant must present "exceptional circumstances." *See Kuplinski, id.* at *2; *Miller v. Simmons*, 814 F.2d 962 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds *by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Since filing this motion, Murphy has been released from prison. The record does not indicate whether he has secured employment or attempted to retain an attorney. Upon close consideration of the motions and previous filings by Murphy pro se, the Court finds that he has demonstrated the ability to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Further, the issues are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Murphy at this time.

## II.	CONCLUSION

Defendants' Motion to Stay and Motion for Costs, ECF No. 27, shall be granted, in part, and Plaintiff's Motion to Appoint Counsel, ECF No. 30, shall be denied. A separate Order follows.

Dated: March 16, 2018

/s/ GEORGE J. HAZEL
United States District Judge